[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
(RE: MOTION TO VACATE JUDGMENT OF FORECLOSURE OF SALE AND FOR ENTRY OF JUDGMENT OF STRICT FORECLOSURE)
Factual Background
By his note dated July 20, 1988, the Defendant, Carlos M. Ortis promised to pay to the Plaintiff, Anita D. Ortis, his former spouse, the principal sum of $15,000.00 plus interest thereon at the rate of 8% per annum until the debt was paid. Although the loan matured on May 16, 1993, to date, the Defendant had paid the Plaintiff nothing upon said note. CT Page 342
To secure the payment of his note to the Plaintiff, Anita D. Ortis, the Defendant granted her a mortgage interest on the Defendant's one-half interest in property known as 27 Davis Avenue, Vernon, Connecticut.
On June 19, 1995, this Court entered a judgment of foreclosure by sale in this action in favor of the Plaintiff. In connection therewith, the Court (Sferrazza, J.) Found the debt to be $19,602.56 and the fair market value of the premises to be $105,000.00.
Pursuant to said judgment, the Court set the sale date for August 25, 1995.
On July 21, 1995, the Defendant filed a petition for relief under Chapter 13 of the U.S. Bankruptcy Code.
During the pendency of the Defendant's Chapter 13 case, he commenced an adversary proceeding against the Plaintiff seeking to have her mortgage declared invalid.
On or about August 1, 1996, the United States Bankruptcy Court for the District of Connecticut, entered a judgment granting the Plaintiff relief from stay to pursue her state court foreclosure action. Within the terms of said judgment, the Court did find the Defendant lacked grounds upon which to avoid the Plaintiffs mortgage. On December 8, 1997, the Defendant remained indebted to the Plaintiff for the following sums:
Principal balance $15,000.00
Accrued interest 11,259.18
 (Per diem interest continues at $3.288 per day after 12/8/97)
 Attorney's fees awarded 6/5/95 1,500.00
 Title search fee awarded 6/5/95 150.00
Appraisal fee awarded 6/5/95 300.00 CT Page 343
 Appraisal fee conceded reasonable 12/8/97 400.00
 Total amount conceded due by Defendant at 12/8/97 $28,609.18
On December 8, 1997, the first mortgage debt encumbering the property as to the Defendant, constitutes a lien senior to that of the Plaintiff is $61,000.00.
Discussion
On the facts of this case, the parties are in agreement that a judgment of strict foreclosure should enter incorporating the undisputed portions of the plaintiff's debt and such additional attorney's fees as the Court determines to be reasonable, instead of a foreclosure by sale.
The defendant has, however, raised the issue that, by reason of his having received a discharge under Chapter 7 of the Bankruptcy Code, the plaintiff's debt should be limited to the difference between the value of the defendant's one-half interest in the property being foreclosed, and the senior debt of $61,000.
The Court does not agree with the defendant's position.
The discharge in bankruptcy does not limit the plaintiff's claim against the mortgaged property.
 "The majority of courts . . . hold that the Bankruptcy Code and its legislative history plainly established . . . that the liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt. The discharge in bankruptcy does not extinguish the underlying debt but only prevents debtors from being personally liable for the discharged debt and forecloses collection of any deficiency judgment, thereby limiting the claimant to enforce its collection efforts in in rem actions against the property subject to a, valid pre-bankruptcy lien guaranteeing payment of the debt." Churchill Mortgage Investment Corp. v. Pacific, et al, 19 Conn. L. RPTR. 531 (1997).
CT Page 344
"Bankruptcy law does not prevent the holder of a valid, unavoided prepetition lien from enforcing that lien. See U.S.C. § 506(a); see also 4.A. Herzog L. King, Collier Bankruptcy Practice Guide Section 75.02(4)(1989). The Court does not have to consider whether bankruptcy law would discharge Owen's personal liability under the promissory note because F.G.B. Realty is not seeking a deficiency judgment against him"F.G.B. Realty Advisors, Inc. v. Owen, Judicial District of Fairfield, at Bridgeport D.N. CV 92298809, Tobin, J., 8/1/95.
The defendant's claim is without merit and the plaintiff's debt is not limited to the difference between the value of the defendant's one-half interest in the property and the senior debt.
The parties presented expert appraisal testimony as to the fair market value of the property. The plaintiff's expert's appraisal was $135,000 while the defendant's was $100,000. The Court determines that Mr. Gottesdiener's (defendant's) report and testimony were more persuasive and concludes the reasonable fair market value to be $100,000.
Accordingly, the prior judgment of foreclosure by sale is vacated and the Clerk shall schedule this matter for Short Calendar hearing for the purpose of setting the terms of judgment and law days.
Klaczak, J.